STATE OF INDIANA )
) SS
COUNTY OF LAKE )

## IN THE LAKE COUNTY CIRCUIT/SUPERIOR COURT

| | |
|---|---|
| CHERIE COX, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | JURY DEMANDED |
| TOWN OF MUNSTER, MUNSTER ) | |
| POLICE DEPARTMENT, BRIAN ) | |
| HERNANDEZ, AND DANIEL BALICH, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, CHERIE COX, by and through her attorneys, Law Offices of Robert Montgomery, and complaining of the Defendants, Town of Munster, Muster Police Department, Brian Hernandez, and Daniel Balich, and each of them, states as follows:

### COUNT I – WILLFUL AND WANTON CONDUCT (Respondeat Superior)
### Cherie Cox v. Town of Munster and the Munster Police Department

1. On December 22, 2023, and at all relevant times, the Munster Police Department and the Town of Munster employed Police Officers.

2. On December 22, 2023, and at all relevant times, Defendant Brian Hernandez ("Hernandez") was an agent and/or employee of The Town of Munster and The Munster Police Department.

3. On December 22, 2023, and at all relevant times, Defendant Daniel Balich ("Balich") was an agent and/or employee of the Town of Munster. and The Munster Police Department

4. On December 22, 2023 at approximately 6:00pm, Defendants Hernandez and Balich were on-duty and patrolling in Munster, Indiana.

5. At the above time and place, Defendants Hernandez and Balich were patrolling


EXHIBIT A

1

in the course and scope of their employment with the Town of Munster and The Munster Police Department.

6. At the above time and place, Defendant Hernandez was operating marked patrol vehicle 26, and Defendant Balich was operating unmarked vehicle 37.

7. At the above time and place, Defendant Balich received notification of a stolen red Dodge Durango that had entered Munster, Indiana.

8. At the above time and place, Defendant Balich located the stolen Durango and followed it into a gas station parking lot located at 750 Broadmoor Avenue.

9. At the above time and place, Defendant Hernandez approached the intersection of Broadmoor Avenue and Calumet Avenue in Munster, Indiana.

10. At the above time and place, the driver of the Durango exited the lot and turned west onto Broadmoor Avenue at a high rate of speed.

11. At the above time and place, Defendants Hernandez and Balich both activated their emergency lights and sirens, and began pursuing the stolen Durango.

12. At the above time and place, there was no need for immediate apprehension of the driver of the Durango.

13. At the above time and place, Defendant Hernandez was the lead pursuit vehicle and defendant Balich became secondary and took over communications.

14. The pursuit continued south on Jefferson Avenue, west on Seberger Drive, south on Jackson Avenue, and west on Ridge Road in Munster, Indiana.

15. The pursuit continued further and crossed state lines into Lansing, Illinois while on westbound Ridge Road.

16. The pursuit continued south on Wentworth Avenue in Lansing, Illinois.

17. During the pursuit, the driver of the Durango was recklessly driving around other vehicles, nearly struck other vehicles, drove into oncoming traffic, drove on the sidewalk, disregarded traffic devices, and operated the car at rates of speed well above the posted speed limits.

18. During the pursuit, defendants Hernandez and Balich were driving around other vehicles, nearly struck other vehicles on the roadway, drove into oncoming traffic lanes, and operated their cars at rates of speed well above the posted speed limits, and well above what was safe under the circumstances.

19. During the pursuit, Defendants Hernandez and Balich ran through over 6 red lights.

20. During the pursuit, Defendants Hernandez and Balich crossed at least 20 intersections.

21. There was heavy rainfall and the streets were wet during the course of the pursuit.

22. The sky was dark during the course of the pursuit.

23. The traffic was heavy during the course of the pursuit.

24. Visibility was limited during the course of the pursuit.

25. The following images reflect the traffic, weather, and visibility conditions during various points in the pursuit.

 

26. On and prior to December 22, 2023, Defendants Hernandez and Balich were trained in, and required to follow Munster Police Department General Order #41.2.2 – Motor Vehicle Pursuits ("GO#41.2.2).

27. <u>GO#41.2.2(IV)(A)(2) states</u>:

> … involved officers and commanders shall continually evaluate the situation and should terminate the pursuit when the totality of the risks to the public safety clearly outweighs the need for immediate apprehension.

<u>GO#41.2.2(IV)(C)(1) states</u>:

> A pursuit should not begin, nor should it be continued, when the need for immediate apprehension is very low and the totality of risk to public safety is very high.

<u>GO#41.2.2(IV)(C)(2) states</u>:

Each officer shall consider the following prior to initiating, becoming involved, or
continuing in a pursuit:

  a. The violation the person is known to have committed, is wanted for or suspected of;
  b. Imminent danger to the public based on the totality of the circumstances;
  c. Time of day;
  d. Officer's familiarity with the surroundings and population density;
  e. Potential danger if the offender is not apprehended immediately;
  f. Positive identification of the driver; and
  g. Other considerations, including but not limited to: vehicle and pedestrian traffic conditions; road conditions, visibility, terrain; speed and capability of the pursued vehicle; and limitations of emergency equipment and vehicles.
  h. All the above guidelines shall be continually evaluated throughout the duration of the pursuit.

GO#41.2.2(VII)(A)(2) states:

The pursuit shall be terminated when the totality of the risk to the public's safety clearly outweighs the need for immediate apprehension.

28. At the above time and place, Plaintiff CHERIE COX operated a motor vehicle traveling in a generally northbound direction on Wentworth Avenue, at or near its intersection with 190th Place, in Lansing, Illinois.

29. At the above time and place, the driver of the Durango crashed into Plaintiff while continuing to evade the police.

30. It was then and there the duty of the Defendants The Town of Munster and The Munster Police Department by and through its agents and/or employees Brian Hernandez and Daniel Balich, to not engage in willful and wanton conduct in the operation of its patrol cars, including during pursuits, to prevent and avoid causing injury and damage to others lawfully present, including Plaintiff.

31. At the above time and place, the conduct of the Town of Munster and The Munster Police Department by and through its agents and/or employees Brian Hernandez and Daniel Balich, was reckless, willful and wanton, and in a manner that showed an utter indifference to or a conscious disregard for the safety of the general public, and specifically the Plaintiff.

4

32. At the above time and place, the Defendant the Town of Munster and The Munster Police Department by and through its agents and/or employees Brian Hernandez and Daniel Balich, were then and there guilty of willful and wanton conduct in one or more of the following ways:

   a. Started a pursuit when it was unsafe to do so;

   b. Continued to pursue when it was unsafe to do so;

   c. Failed to terminate a pursuit that became too dangerous;

   d. Started a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

   e. Continued a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

   f. Failed to terminate a pursuit when the totality of risk to the public's safety clearly outweighed the need for immediate apprehension;

   g. Started, continued, and failed to terminate a pursuit when the circumstances presented an imminent danger to the public;

   h. Started, continued, and failed to terminate a pursuit when vehicle and pedestrian traffic made it unsafe to do so;

   i. Started, continued, and failed to terminate a pursuit when the weather conditions made it unsafe to do so;

   j. Started, continued, and failed to terminate a pursuit when visibility conditions made it unsafe to do so;

   k. Started, continued, and failed to terminate a pursuit when the speed of the vehicles involved made it unsafe to continue;

   l. Failed to train and/or adequately train its officers in vehicle pursuit procedures.

33. That as a result of one or more of the above stated acts of willful and wanton conduct by the Defendants The Town of Munster and The Munster Police Department by and through its agents and/or employees Brian Hernandez and Daniel Balich the Plaintiff was injured, suffered personal and pecuniary injuries, became responsible for medical bills, was caused to experience pain and suffering, loss of normal life, disability,

disfigurement, and lost earnings, all of which are permanent and will continue into the future.

WHEREFORE, Plaintiff CHERIE COX prays for judgment in favor of the Plaintiff and against Defendants The Town of Munster and The Munster Police Department in an amount that is fair and reasonable, plus costs of this action. The Plaintiff demands trial by jury.

## COUNT II – WILLFUL AND WANTON CONDUCT (Direct Liability)
## Cherie Cox v. The Town of Munster and The Munster Police Department

1-33. Plaintiff re-pleads and re-alleges paragraphs 1-33 of Count I of the Complaint and hereby incorporates them as paragraphs 1-33 of Count II of the Complaint.

34. On and prior to December 22, 2023, Defendants The Town of Munster and The Munster Police Department was required to train its police officers on the proper procedures for conducting vehicles pursuits, including GO#41.2.2.

35. It was then and there the duty of the Defendant, The Town of Munster and The Munster Police Department to not engage in willful and wanton conduct in the training and execution of motor vehicle pursuits to prevent and avoid causing injury and damage to others, including Plaintiff.

36. At the above time and place, the conduct of the Town of Munster and The Munster Police Department was reckless, willful and wanton, and in a manner that showed an utter indifference to or a conscious disregard for the safety of the general public, and specifically the Plaintiff.

37. At the above time and place, the Defendants the Town of Munster and the Munster Police Department was then and there guilty of willful and wanton conduct in one or more of the following ways:

   a. Failed to supervise, train and/or adequately train its officers in initiating, continuing, and/or terminating vehicle pursuits;

   b. Failed to supervise, train and/or adequately train its officers in Munster Police Department General Order No. 41.2.2 – Motor Vehicle Pursuits;

6

    c. Failed to recognize that the need for immediate apprehension was low and the totality of risk to public safety was high;

    d. Failed to instruct officers Hernandez, Balich, and any other officers involved to not initiate a vehicle pursuit;

    e. Failed to instruct officers Hernandez, Balich, and any other officers involved to terminate the pursuit.

38. That on December 22, 2023, Plaintiff CHERIE COX was injured.

39. That the above stated injuries suffered by Plaintiff CHERIE COX are a direct and proximate result of one or more of the above stated acts of willful and wanton conduct by The Town of Munster and The Munster Police Department.

40. That as a result of one or more of the above stated acts of willful and wanton conduct by the Defendants The Town of Munster and The Munster Police Department Plaintiff CHERIE COX sustained personal and pecuniary injuries, became responsible for medical bills, legal bills, was caused to experience pain and suffering, loss of normal life, disability, disfigurement, and lost earnings, all of which are permanent and will continue into the future.

WHEREFORE, Plaintiff CHERIE COX prays for judgment in favor of the Plaintiff and against Defendants the Town of Munster and the Munster Police Department in an amount that is fair and reasonable, plus costs of this action. The Plaintiff demands trial by jury.

## COUNT III – WILLFUL AND WANTON CONDUCT
### Cherie Cox v. Brian Hernandez

1-33. Plaintiff re-pleads and re-alleges paragraphs 1-33 of Count I of the Complaint and hereby incorporates them as paragraphs 1-33 of Count III of the Complaint.

34. It was then and there the duty of the Defendant, Brian Hernandez, to not engage in willful and wanton conduct in the operation of his patrol car, including during pursuits, to prevent and avoid causing injury and damage to others lawfully present, including Plaintiff.

35. At the above time and place, the conduct of the defendant, Brian Hernandez

was reckless, willful and wanton, and in a manner that showed an utter indifference to or a conscious disregard for the safety of the general public, and specifically the Plaintiff.

36. At the above time and place, the Defendant Brian Hernandez was then and there guilty of willful and wanton conduct in one or more of the following ways:

    a. Started a pursuit when it was unsafe to do so;

    b. Continued to pursue when it was unsafe to do so;

    c. Failed to terminate a pursuit that became too dangerous;

    d. Started a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

    e. Continued a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

    f. Failed to terminate a pursuit when the totality of risk to the public's safety clearly outweighed the need for immediate apprehension;

    g. Started, continued, and failed to terminate a pursuit when the circumstances presented an imminent danger to the public;

    h. Started, continued, and failed to terminate a pursuit when vehicle and pedestrian traffic made it unsafe to do so;

    i. Started, continued, and failed to terminate a pursuit when the weather conditions made it unsafe to do so;

    j. Started, continued, and failed to terminate a pursuit when visibility conditions made it unsafe to do so;

    k. Started, continued, and failed to terminate a pursuit when the speed of the vehicles involved made it unsafe to continue;

37. That on December 22, 2023, Plaintiff CHERIE COX was injured.

38. That the above stated injuries suffered by Plaintiff CHERIE COX are a direct and proximate result of one or more of the above stated acts of willful and wanton conduct of Defendant Brian Hernandez.

39. That as a result of her injuries, Plaintiff CHERIE COX sustained personal

and pecuniary injuries, became responsible for medical bills, legal bills, was caused to experience pain and suffering, loss of normal life, disability, disfigurement, and lost earnings, all of which are permanent and will continue into the future.

WHEREFORE, Plaintiff CHERIE COX prays for judgment in favor of the Plaintiff and against Defendant Brian Hernandez, in an amount that is fair and reasonable, plus costs of this action. The Plaintiff demands trial by jury.

## COUNT IV – WILLFUL AND WANTON CONDUCT
### Cherie Cox v. Daniel Balich

1-33. Plaintiff re-pleads and re-alleges paragraphs 1-33 of Count I of the Complaint and hereby incorporates them as paragraphs 1-33 of Count IV of the Complaint.

34. It was then and there the duty of the Defendant, DANIEL BALICH, to not engage in willful and wanton conduct in the operation of his patrol car, including during pursuits, to prevent and avoid causing injury and damage to others lawfully present, including Plaintiff.

35. At the above time and place, the conduct of the Defendant DANIEL BALICH was reckless, willful and wanton, and in a manner that showed an utter indifference to or a conscious disregard for the safety of the general public, and specifically the Plaintiff.

36. At the above time and place, the Defendant DANIEL BALICH was then and there guilty of willful and wanton conduct in one or more of the following ways:

   a. Started a pursuit when it was unsafe to do so;

   b. Continued to pursue when it was unsafe to do so;

   c. Failed to terminate a pursuit that became too dangerous;

   d. Started a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

   e. Continued a pursuit when the need for immediate apprehension was low and the totality of risk to public safety was high;

   f. Failed to terminate a pursuit when the totality of risk to the public's safety clearly outweighed the need for immediate apprehension;

    g. Started, continued, and failed to terminate a pursuit when the circumstances presented an imminent danger to the public;

    h. Started, continued, and failed to terminate a pursuit when vehicle and pedestrian traffic made it unsafe to do so;

    i. Started, continued, and failed to terminate a pursuit when the weather conditions made it unsafe to do so;

    j. Started, continued, and failed to terminate a pursuit when visibility conditions made it unsafe to do so;

    k. Started, continued, and failed to terminate a pursuit when the speed of the vehicles involved made it unsafe to continue;

37  That on December 22, 2023, Plaintiff CHERIE COX was injured.

38. That the above stated injuries suffered by Plaintiff CHERIE COX are a direct and proximate result of one or more of the above stated acts of willful and wanton conduct of Defendant Daniel Balich.

39. That as a result of her injuries, Plaintiff CHERIE COX sustained personal and pecuniary injuries, became responsible for medical bills, legal bills, was caused to experience pain and suffering, loss of normal life, disability, disfigurement, and lost earnings, all of which are permanent and will continue into the future.

    WHEREFORE, Plaintiff CHERIE COX prays for judgment in favor of the Plaintiff and against Defendant Daniel Balich, in an amount that is fair and reasonable, plus costs of this action.  The Plaintiff demands trial by jury.

                                      /s/Robert Montgomery
                                      Robert Montgomery
                                      Attorney at Law

Law Offices of Robert Montgomery
161 N. Clark St Suite 2550
Chicago, Il 60601
T: (312) 236-7700
E: rm@rmontlaw.com
Attorney Code 9327-98