**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CHERIE COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-492-AZ |
| ) | |
| TOWN OF MUNSTER, INDIANA, ) | |
| MUNSTER POLICE DEPARTMENT ) | |
| BRIAN HERNANDEZ, and DANIEL ) | |
| BALIC,, ) | |
| ) | |
| Defendants. ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' Motion to Remand to State Court [DE 4]. On October 24, 2025, Defendants filed a notice of removal, removing this case from the Lake County Indiana Superior Court. DE 1. Defendants stated in their notice of removal that removal was proper and that this Court had subject matter jurisdiction over the case because the parties were citizens of different states. 28 U.S.C. § 1332(a). No claims were brought under federal law and Defendants did not assert federal question subject matter jurisdiction under 28 U.S.C. § 1331. But the notice of removal state that all Defendants were citizens of Indiana, and "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be moved if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). Thus, the Court ordered Defendants to file a supplement

explaining the basis for this Court's subject matter jurisdiction. DE 3. Instead, Defendants filed a motion to remand, conceding that there is not a "valid basis [f]or this Court to exercise diversity jurisdiction over the matter." DE 4. But because this civil case was directly assigned to a United States Magistrate Judge without a presiding District Court Judge, *see* N.D. Ind. General Order 2025-6 *available at* [https://www.innd.uscourts.gov/sites/innd/files/CivilCaseAssignment-July7-2025.pdf](https://www.innd.uscourts.gov/sites/innd/files/CivilCaseAssignment-July7-2025.pdf), and the parties have not yet had an opportunity to consent to my jurisdiction, I do not have the authority to grant the motion. *See* 28 U.S.C. § 636(c).

Accordingly, the Court **DIRECTS** the Clerk of Court to assign a District Court Judge to this matter and **RECOMMENDS** that the District Court Judge **GRANT** Defendants' Motion to Remand to State Court [DE 4] and **REMAND** this matter to state court. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. Failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

So ORDERED on this 13th day of November 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT